**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| In re: ) | | |
| Timothy Carl Kain and ) | | |
| Ruth Mulfinger Kain, ) | | |
| ) | | |
| Debtors. ) | | |
| _____) | | |
| ) | | |
| Timothy Carl Kain and ) | | |
| Ruth Mulfinger Kain, ) | | |
| ) | | |
| Appellants, ) | Civil Action No.: 7:12-cv-02031-JMC | |
| ) | | |
| vs. ) | **ORDER AND OPINION** | |
| ) | | |
| Bank of New York Mellon f/k/a ) | | |
| Bank of New York as Trustee for the ) | | |
| Certificateholders CWABS, Inc. ) | | |
| Asset-Backed Certificates, Series 2005-16; ) | | |
| Countrywide Home Loans, Inc.; ) | | |
| Bank of America NA; ) | | |
| BAC Home Loans Servicing LP f/k/a ) | | |
| Countrywide Home Loans Servicing LP; ) | | |
| CWABS, Inc., and Mortgage Electronic ) | | |
| Registration Systems, Inc., ) | | |
| ) | | |
| Appellees. ) | | |
| _____) | | |

Appellants Timothy Carl Kain and Ruth Mulfinger Kain (the "Kains") bring this appeal of the United States Bankruptcy Court for the District of South Carolina's Order denying the Kains' summary judgment motion and granting summary judgment in favor of Appellees The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-16 ("Claimant"), along with Countrywide Home Loans, Inc., Bank of America, N.A., on behalf of itself and as successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, CWABS, Inc.,

1

and Mortgage Electronic Registration Systems, Inc. (collectively with Claimant, "Appellees"). Having considered the written arguments of the parties and the record before the court, the court hereby affirms the Bankruptcy Court's order for the reasons set forth below.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2005, Timothy Carl Kain executed a Note in the amount of $166,500.00 in favor of Colorado Federal Savings Bank (the "Note"), listing property located at 5 Starsdale Circle, Greenville County, South Carolina as security for the Note. The Kains executed a mortgage in favor of Colorado Federal Savings Bank intended to secure the Note (the "Mortgage"). The Mortgage was recorded in the Office of Clerk of Court for Greenville County on October 31, 2005. The Kains defaulted on the Mortgage and initial foreclosure proceedings began in 2007. The initial foreclosure proceedings were dismissed pursuant to South Carolina Rule of Civil Procedure 41(a). Shortly thereafter, an Assignment of Mortgage executed by Mortgage Electronic Registration Systems, Inc., as nominee for Colorado Federal Savings Bank, to Claimant ("Assignment of Mortgage"), was recorded in the Office of Clerk of Court for Greenville County on January 2, 2008, and Claimant filed a second foreclosure proceeding.

The Kains filed a voluntary petition for Chapter 13 bankruptcy relief on December 30, 2008. Claimant filed a secured claim for the amounts due under the defaulted Note and Mortgage. The Kains initiated an adversary proceeding on April 7, 2010, seeking to have the Bankruptcy Court determine that Claimant did not have standing to enforce the debt and that the amounts sought in the secured claim were not valid on the grounds that Claimant did not produce an executed copy of the agreement that purportedly created the trust administered by Claimant. The Bankruptcy Court denied the Kains' motion and granted summary judgment in favor of Appellees, finding that Claimant could enforce the Note and Mortgage and seek payment of its

2

secured claim. The Kains sought reconsideration of the Bankruptcy Court's ruling, which was denied. This appeal followed.

## LEGAL STANDARD

The district court may hear appeals from final orders issued by the bankruptcy courts. *See* 28 U.S.C. § 158(a)(1) (2006). The district court will not disturb the bankruptcy court's findings of fact unless such findings are clearly erroneous. *See* Fed. R. Bankr. P. 8013. On an appeal from a bankruptcy court decision, this court's review of questions of law is on a *de novo* basis. *See Loudoun Leasing Dev. Co. v. Ford Motor Credit Cor. (In re K & L Lakeland, Inc.),* 128 F.3d 203, 206 (4th Cir. 1997).

## DISCUSSION

The Bankruptcy Court found that Claimant was the holder of the Note and Mortgage, and therefore, had appropriate standing to enforce the instruments against the Kains under South Carolina law. *See In re: Kain*, Bankruptcy No. 08-08404-HB, Adversary No. 10-80047-HB, Order on Cross Motions for Summary Judgment, at 14-16 [Dkt. No. 7-3, at 15-17]. The Bankruptcy Court further found that the Kains did not have standing to challenge the validity of or compliance with the Pooling and Servicing Agreement or Prospectus ("PSA") under which Claimant asserted rights to enforce the Note and Mortgage. *Id*.

In this appeal, the Kains first contend that the Bankruptcy Court erred in finding that Claimant could enforce the Note because Claimant has not provided sufficient evidence of its existence as a legal entity in order to have standing to enforce the instruments or file a secured claim against the Kains. Specifically, the Kains argue that Claimant has no proof of an executed PSA, which authorizes the trust that Claimant allegedly administers. The Kains base this

argument on discovery responses in which Appellees indicated that they were not in possession of the signed PSA.

The Kains also find error in the Bankruptcy Court's finding that the Kains lacked standing to challenge the legitimacy of the PSA because the Kains were not parties to or third-party beneficiaries of the PSA. The Kains insist that their standing to challenge the PSA arises out of their obligation to ensure that they pay the proper entity and are not subjected to duplicate obligations.

As the Bankruptcy Court recognized, the Note at issue in this case is a negotiable instrument of which possession is *prima facie* evidence of ownership. *See In re Woodberry*, 383 B.R. 373, 377 (Bankr. D.S.C. 2008). A majority of courts addressing the issue have determined that, where the matter concerns a negotiable instrument payable upon presentation by the holder in possession, the third-party debtor who is not a beneficiary to the pooling and serving agreement lacks standing to challenge holder's rights to enforce the negotiable instrument due to an alleged invalidity in or noncompliance with the pooling and serving agreement. *See In re Walker*, 466 B.R. 271, 284-85 n.28 and 29 (Bankr. E.D. Pa. 2012) (collecting cases). Moreover, under South Carolina law, the Kains would not be subject to duplicative payment obligations because payment to Claimant would discharge the Kains' liability to other claimants. *See* S.C. Code Ann. § 36-3-603(1) (2003) (explaining the circumstances under which payment to the holder of a negotiable instrument will discharge liability for other claims on same instrument). Therefore, the Bankruptcy Court did not err in finding that the Kains did not have standing to challenge the PSA.

Furthermore, even assuming the Kains had standing to challenge the validity of and compliance with the PSA, this court finds that the Kains could not have met their burden for

summary judgment. To prevail on a motion for summary judgment, the movant must demonstrate that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Although the Kains cling to a solitary statement by Claimant indicating that it is not in possession of a signed copy of the PSA, the Kains presented no evidence that the PSA was never executed. Instead, the record contains significant evidence to the contrary. In response to Plaintiffs' First Request for Admissions to All Defendants Other than Colorado Federal Savings Bank and Jacquelyn J. Lanier, *see* [Dkt. No. 3-6, at 10-11], Appellees admit that CWABS Asset-Backed Certificates Trust, Series 2005-16 is a common law trust formed on approximately December 1, 2005. Additionally, Appellees admit that the PSA is a public record, filed on January 27, 2006, with the United States Securities and Exchange Commission as an exhibit to CWABS Asset-Backed Certificates Trust, Series 2005-16's 8-K statement. Therefore, the Bankruptcy Court appropriately ruled in favor of Appellees.

## CONCLUSION

For the reasons set forth above, the court affirms the Bankruptcy Court's order entered on March 30, 2012, denying the Kains' summary judgment motion and granting summary judgment in favor of Appellees. The court further affirms the Bankruptcy Court's order entered on May 24, 2012, denying the Kains' request for reconsideration. The court agrees with the Bankruptcy

Court's finding that Claimant had standing to enforce the Note against the Kains and to file the secured claim.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 18, 2013
Greenville, South Carolina

6